# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### MARTINSBURG DIVISION

| | |
|---|---|
| SHANNON RENEE PALMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  3:13-CV-39  (Groh) |
| vs. ) | Electronically filed: 04.22.13 |
| ) | |
| CAINE & WEINER COMPANY, INC., ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, SHANNON RENEE PALMER, by and through her attorneys, LUXENBURG & LEVIN, LLC, and for her Complaint against the Defendant, CAINE & WEINER COMPANY, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the West Virginia Consumer Credit and Protection Act (hereinafter the "WVCCPA"), W. Va. Code § 46-A-2-122, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Kearneysville, West Virginia.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and W. Va. Code § 46-A-2-122(a), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and W. Va. Code § 46-A-2-122(d), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a corporation of the State of California, which is licensed to do business in West Virginia and which has its principal place of business in Woodland Hills, California.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8. Defendant, through its agents, representatives and/or employees, began contacting Plaintiff during or about May or June of 2012 in attempts to collect the aforementioned alleged debt, but failed to identify themselves as debt collectors during each and every communication with Plaintiff.

9. Defendant's agents, representatives and/or employees placed numerous telephone calls to Plaintiff, sometimes on a daily basis in further attempts to collect the alleged debt. On many occasions, messages were not left on Plaintiff's answering machine, and multiple calls were placed to Plaintiff on the same day.

10. Further, beginning in the month of September of 2012, Plaintiff asked Defendant's agents, representatives and/or employees to not call before 3:00 p.m., and explained that she had begun working the night shift. Defendant's agents, representatives and/or employees agreed to call Plaintiff at 3:00 p.m. or later, but multiple calls were nonetheless subsequently placed to Plaintiff at 8:30 a.m.

11. Defendant's agents, representatives and/or employees used abusive language in numerous telephone communications with Plaintiff, including, but not limited to telling Plaintiff to "shut your mouth" and also stating to Plaintiff, "It figures you can't spell. No wonder you can't keep a checking account." Defendant's agents, representatives and/or employees also threatened to call Plaintiff's employer with regard to the alleged debt.

12. Defendant failed to send Plaintiff the notice regarding the alleged debt which is required by 15 U.S.C. § 1692g(a).

13. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

  a. Using obscene or profane language and/or language the natural consequence of which was to abuse Plaintiff, in violation of 15 U.S.C. § 1692d(2);

  b. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse, harass, oppress or threaten Plaintiff, in violation of 15 U.S.C. § 1692d(5);

  c. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

      d.      Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11);

      e.      Failing to provide the notice to our client which is required by 15 U.S.C. § 1692g; and

      f.      By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

14.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, SHANNON RENEE PALMER, respectfully prays for a judgment against Defendant as follows:

      a.      Statutory damages of $1,000.00 for each violation of the FDCPA;

      b.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

      c.      Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the West Virginia Consumer Credit and Protection Act)

15.    Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

16.    In its attempts to collect the aforementioned alleged debt, Defendant violated the WVCCPA in one or more of the following ways:

    a.    Using obscene or profane language and/or language the natural consequence of which was to abuse Plaintiff, in violation of W. Va. Code § 46A-2-125(a);

    b.    Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse, harass, oppress or threaten Plaintiff, in violation of W. Va. Code § 46A-2-125(d);

    c.    Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of W. Va. Code § 46A-2-124; and

    d.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the WVCCPA.

17.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, SHANNON RENEE PALMER, respectfully prays for a judgment against Defendant as follows:

    a.    Statutory damages of $1,000.00 for each violation of the WVCCPA;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c.    Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

                                        Respectfully Submitted,

                                        /s/ David B. Levin
                                        David B. Levin (10939)
                                        Attorney for Plaintiff
                                        Luxenburg & Levin, LLC
                                        595 Elm Place, Suite 201
                                        Highland Park, IL, 60035
                                        (888) 493-0770, ext. 302 (phone)
                                        (866) 551-7791 (facsimile)
                                        David@LuxenburgLevin.com